UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT CSECH, | ) | |
| Plaintiff, | ) ) | 3: 09-cv-0597-LRH-VPC |
| vs. | ) ) | **ORDER** |
| MS. BABB, *et al.*, | ) ) | |
| Defendants. | ) | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a first amended civil rights complaint pursuant to 42 U.S.C. § 1983 (#14). The first amended complaint is now before the court for screening.

**I.     Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   Screening of the Complaint

Plaintiff sues defendants C/O Babb, Warden James Benedetti, Associate Warden Tony Corda, Dr. Bruce Bannister, Director of Nursing John Peery, R.N. Dave Doe, R.N. Lynn, C/O Brown, and Dr. Johns in both their individual and official capacities for violation of his constitutional rights. Plaintiff claims that on December 22, 2008, he suffered a head injury in his cell. When he reported to work on December 23, 2008, C/O Babb refused to allow him to go to the infirmary to seek medical attention. When he later made his way to the infirmary, he was refused access to medical care by C/O Presswood and Nurse Lynn. On December 24, 2008, plaintiff had difficulty speaking, blurry vision, difficulty walking and unbearable head pain. Head caseworker Lisa Walsh happened to see plaintiff on his bunk and after speaking with him, called for emergency medical help. Plaintiff was then seen by Dr. Gedney, who diagnosed him as having a concussion and sent him back to his housing unit. On December 31, 2008, plaintiff continued to have major coordination problems, blurred vision, and head pain. Dr. Gedney ordered plaintiff transported to Carson-Tahoe Hospital. Three days later, he was transferred to Renown Medical Center in Reno to be seen by a neurologist, and was diagnosed with "conversion disorder." He was then returned to the institutional medical unit.

Upon his eventual return to his housing unit, plaintiff was "written up" and transferred to the disciplinary unit based on a charge by Nursing Director John Perry, who accused plaintiff of faking his symptoms and lying about the whole incident. This was in contradiction to the diagnosis of Dr. Gedney and the staff at Renown. Plaintiff alleges that while he was in the infirmary he suffered verbal and physical abuse by R. N. Dave Doe and medical assistant Maria Doe. Plaintiff claims that he was berated and verbally abused by Dr. Johns, who refused to answer plaintiff's questions on how to treat his symptoms, despite his continued deterioration. He further claims that Dr. Johns failed to provide him with adequate medical care.

Plaintiff claims that on March 2, 2009, he went to the medical facility for an appointment due to his continuing symptoms. Plaintiff was told that he would be seeing Dr. Johns. When plaintiff

questioned Nurse Lynn about this, Nurse Lynn walked away and C/O Brown ordered plaintiff to sign a medical refusal. Plaintiff was ordered to leave the medical facility without medical treatment.

Finally, plaintiff claims that he continues to suffer from a variety of ongoing and severe symptoms stemming from his head injuries. He states that he has continuously requested medical treatment for his head injury and symptoms through institutional requests, both in person and in medical kites, and by grievance. Plaintiff states that all of his requests for medical treatment have been denied by the responding supervisory Nevada Department of Corrections and Northern Nevada Correctional Center personnel. These persons include Associate Director Don Helling, Medical Director Bruce R. Bannister, Director of Nursing John Perry R.N., Warden James Bendetti, and Associate Warden Tony Corda. Plaintiff asserts that all of these defendants had the authority to investigate and respond to his complaints. Plaintiff seeks monetary damages as well as injunctive and declaratory relief.

### A. Defendants

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]  . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### B. Supervisory Liability

Plaintiff contends that Warden James Benedetti is responsible for the implementation of all institutional policies, knew of plaintiff's medical needs, and acted with deliberate indifference to those needs in violation of plaintiff's Eighth Amendment rights. He claims that Tony Corda, the

4

Associate Warden, responded to plaintiff's grievances, knew of his serious medical needs, and was deliberately indifferent to them.  Plaintiff contends that Medical Director Bruce Bannister is directly responsible for formulating, implementing and monitoring compliance with medical policy at Northern Nevada Correctional Center.  Plaintiff claims the Bannister is responsible for responding to grievances, supervising all medical staff and providing prisoners with adequate medical care.  He claims that Bannister knew of his serious medical needs, and knew they were not being met and that plaintiff was being punished by defendant Perry for seeking medical care.  Plaintiff claims that Bannister acted with deliberate indifference to his serious medical needs.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  *Farmer v. Brennan*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id*.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient

5

to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Estelle v. Gamble*, 429 U.S. at 104-05. However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds, WMX Techs, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997); *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

The courts of other federal Circuits have also found deliberate indifference where prison officials ignore a previous physician's treatment plan. *White v. Napoleon*, 897 F.2d 103 (3rd Cir. 1990)(finding cognizable claim for deliberate indifference where prison officials ignored private hospital's treatment orders and refused inmate's access to prescribed medication); *Gill v. Mooney*, 824 F.2d 192 (2nd Cir. 1987)(finding cognizable claim where prison officials refused to permit plaintiff to participate in exercise program prescribed by doctor); *Eades v. Thompson*, 823 F.2d 1055 (7th Cir. 1987)(finding cognizable claim where prisoner alleged that prison officials made him travel and carry a heavy box, causing a surgical incision to gape open, in violation of prior medical orders); *Martinez v. Mancusi*, 443 F.2d 921 (2nd Cir. 1970), *cert. denied* 401 U.S. 983, *cited with approval by Estelle v. Gamble*, 429 U.S. at 105 n.10 (finding deliberate indifference where prison staff forced post-surgical prisoner-patient to walk, ignoring warnings from hospital personnel that inmate should not be moved); *see also* Carl T. Drechsler, Annotation, *Relief Under Federal Civil Rights Acts to State Prisoners Complaining of Denial of Medical Care*, 28 A.L.R. Fed. 279 (1976)(recognizing that, on the whole, courts do not condone the practice of prison officials ignoring orders rendered by a prisoner's previous physician).

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In

order to maintain an action seeking relief for emotional distress suffered by a prisoner while in custody, there must be an allegation of actual physical injury. *Zehner v. Trigg*, 952 F. Supp. 1318, 1322-23 (S.D. Ind. 1997) (exposure to asbestos during performance of prison job is not "physical injury" to support claim for mental or emotional injury), *affirmed* 133 F.3d 459, 460 (7th Cir. 1997). The alleged physical injury must be more than de minimus, but need not be significant. *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (sore, bruised ear lasting for three days was de minimus injury and fell short of requisite physical injury to support a claim for emotional or mental suffering); *Evans v. Allen*, 981 F. Supp. 1102, 1109 (N.D. Ill. 1997) (allegation that prisoner had "bodily fluids thrown on [him]" insufficient to satisfy injury requirement of section 1997e(e)); *Luong v. Hatt*, 979 F. Supp. 481, 485-86 (N.D. Tex. 1997) (minor injuries lasting a few days insufficient to satisfy section 1997e(e)).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To show a *prima facie* case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 113 S.Ct. 1160, 1163 (1993).

The court finds that plaintiff states cognizable Eighth Amendment medical care claims against defendants Benedetti, Defendant Corda, and Defendant Bannister based on supervisory liability.

///

7

**C.     Defendant Perry**

Plaintiff contends that defendant Perry, Director of Nursing at Northen Nevada Correctional Center, is responsible for providing adequate medical care at the facility.  He claims that as a responder to plaintiff's grievances, Perry had a responsibility to investigate and act to provide needed medical care.  Plaintiff further claims that Perry personally refused to give plaintiff care for his serious medical needs.  Plaintiff additionally claims that Perry overroad the diagnoses given by the physicians in the outside medical institutions and punished plaintiff for seeking medical help. The court finds that based on these and other factual allegations in the first amended complaint, plaintiff states a colorable Eighth Amendment medical care claim against Perry based on both personal and supervisory liability.

**D.     Defendant Babb**

Plaintiff contends that defendant Babb refused to allow him to seek medical treatment after being informed of his head injury suffered the night before, and of the symptoms he was suffering. The court finds that plaintiff states a colorable Eighth Amendment medical care claim against Babb based on personal liability.

**E.     R.N. Dave Doe**

Plaintiff alleges that during his stay in the infirmary during the second week of January, he was subjected to physical and verbal abuse by defendant Dave Doe.  Plaintiff alleges that Defendant Dave pushed him when he was not moving quickly enough, and called him "faker, "a fraud," and "jerky," referring to his symptoms.   Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).  Thus, plaintiff's claim of verbal harassment by Defendant Dave Doe does not state a constitutional claim.

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).  In determining whether the use of force was wanton and

unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. *Id*. Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id*. That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. *Id*. at 9. Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id.* (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.)(*cert. denied sub nom. Johnson,* 414 U.S. 1033 (1973)). The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force. *Id*. at 9-10. The court finds that plaintiff's claim that defendant Dave Doe pushed him is too *de minimus* to state a colorable constitutional claim.

**F.     Dr. Johns**

Plaintiff contends that Dr. Johns denied him medical care without conducting any type of physical examination. He claims that she accused plaintiff of faking his condition and discharged him from the infirmary early, in contradiction to the diagnosis of outside physicians. Plaintiff claims that Dr. Johns thereby was deliberately indifferent to his serious medical claims. The court finds that plaintiff has stated a colorable Eighth Amendment medical care claim against Dr. Johns.

**G.     R.N. Lynn**

Plaintiff contends that Defendant Lynn was deliberately indifferent to his serious medical needs when he refused treatment to him on December 23, 2010. The court finds that The court finds that plaintiff has stated a colorable Eighth Amendment medical care claim against Nurse Lynn.

**H.     C/O Brown**

Plaintiff contends that C/O Brown interfered with plaintiff's medical treatment on March 2,

9

2009, when he intimidated plaintiff into signing a medical refusal sheet.  The court finds that The court finds that plaintiff has stated a colorable Eighth Amendment medical care claim against C/O Brown.

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that plaintiffs' claims against defendant Dave Doe are **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment due process claims are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims **MAY PROCEED** as described above.

**IT IS FURTHER ORDERED** that plaintiff's motions for injunctive relief filed some seven months ago are **DENIED** without prejudice, based on the passage of time. (Docket #5, 6).  If plaintiff continues to suffer treatment by defendants which warrants injunctive relief, he should file a new motion for such relief.

**IT IS FURTHER ORDERED** that the Clerk shall **electronically serve a copy of this order to the Office of the Attorney General of the State of Nevada, c/o Pamela Sharp, Supervising Legal Secretary, 100 North Carson St., Carson City, Nevada 89701-4717**.  The Attorney General shall advise the court within **twenty-one (21) days** of the date of entry of this order whether they can accept service of process for the named defendants and the last known address under seal of the defendants for which they cannot accept service.  If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

**IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of the entry of this order.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original

1  paper submitted for filing a certificate stating the date that a true and correct copy of the document
2  was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of
3  appearance, the plaintiff shall direct service to the individual attorney named in the notice of
4  appearance, at the address stated therein.  The court may disregard any paper received by a district
5  judge or magistrate judge which has not been filed with the Clerk, and any paper received by a
6  district judge, magistrate judge or the Clerk which fails to include a certificate showing proper
7  service.

8        DATED this 26th day of August, 2010.

            _____
            LARRY R. HICKS
            UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number (if applicable)
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

_____,  )     Case No. _____
                 Plaintiff,        )
                                   )
v.                                 )     **NOTICE OF INTENT TO**
                                   )     **PROCEED WITH MEDIATION**
_____    )
                                   )
_____    )
                 Defendants.       )
_____ )

      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.    Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

    _____

    _____

    _____

3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

    _____

    _____

    _____

4.    List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

    _____

```
1  _____
2  _____
3  _____
```

4  5.   Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

```
6  _____
7  _____
8  _____
9  _____
```

10   **This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.**

12   <u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

14   Dated this ____ day of _____, 2010.

_____
Signature

_____
Name of person who prepared or
helped prepare this document

13